UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | : : : | MDL DOCKET NO. 2974 |
| This document relates to: JENNY JUANITA CALLISON | : : : | 1:20-md-02974-LMM |
| vs. | : : | Civil Action No. _____ |
| TEVA PHARMACEUTICALS USA, INC., ET AL. | : : | |

## **SHORT FORM COMPLAINT**

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc No. 79), in MDL No. 2974 by reference.  Plaintiff(s) further plead(s) as follows:

1. Name of Plaintiff placed with Paragard: JENNY JUANITA CALLISON

2. Name of Plaintiff's Spouse (if a party to the case): N/A

3. If case is brought in a representative capacity, Name of Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator): N/A

4. State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint: IDAHO

5. State of Residence of each Plaintiff at the time of Paragard placement: IDAHO

6. State of Residence of each Plaintiff at the time of Paragard removal: IDAHO

7. District Court and Division in which personal jurisdiction and venue would be proper: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

8.      Defendants.  (Check one or more of the following five (5) defendants against whom Plaintiff's Complaint is made.  The following five (5) Defendants are the only Defendants against whom a Short Form Complaint may be filed.  No other entity may be added as a Defendant in a Short Form Complaint.):

☒      A.      Teva Pharmaceuticals USA, Inc.

☒      B.      Teva Women's Health, LLC

☒      C.      Teva Branded Pharmaceutical Products R&D, Inc.

☒      D.      The Cooper Companies, Inc.

☒      E.      CooperSurgical, Inc.

9.      Basis of Jurisdiction

☒      Diversity of Citizenship (28 U.S.C. § 1332(a))

☐      Other (if Other, identify below)

_____

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physicians(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY) * *If multiple removals or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provided (include City and State)** **If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| 12/8/2011 | Dr. Margaret Huggins Idaho Falls, ID | 10/20/2021 | Dr. Monarch Healthcare Idaho Falls OB/GYN & Women's Healthcare Idaho Falls, ID |

2

| | | 1/20/2022 | Dr. Chris Allphin Idaho Falls, ID |
|---|---|---|---|

11.    Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

☒      Yes
☐      No

12.    Brief statement of injury(ies) Plaintiff is claiming:

As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer significant bodily and mental injuries, including but not limited to pain and suffering, mental anguish, disfigurement, embarrassment, inconvenience, loss of earnings, loss of reproductive health and past and potential future medical expenses.

Plaintiff reserves her right to allege additional injuries and complications specific to her.

13.    Product Identification:

a.     Lot Number of Paragard placed in Plaintiff (if now known):  Unknown

b.     Did you obtain your Paragard from anyone other than the Healthcare

Provider who placed your Paragard:

☐      Yes
☒      No

14.    Counts in the Master Complaint brought by Plaintiff(s):

☒      Count I – Strict Liability / Design Defect

☒      Count II – Strict Liability / Failure to Warn

☒      Count III – Strict Liability / Manufacturing Defect

☒      Count IV – Negligence

☒        Count V – Negligence / Design and Manufacturing Defect

☒        Count VI – Negligence / Failure to Warn

☒        Count VII – Negligent Misrepresentation

☒        Count VIII – Breach of Express Warranty

☒        Count IX – Breach of Implied Warranty

☒        Count X – Violation of Consumer Protection Laws

☒        Count XI – Gross Negligence

☒        Count XII – Unjust Enrichment

☒        Count XIII – Punitive Damages

☐        Count XIV – Loss of Consortium

☐        Other Count(s) (Please state factual and legal basis for other claims not included in

the Master Complaint below):

_____

_____


15.     "Tolling/Fraudulent Concealment" allegations:

        a.      Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

        ☒      Yes
        ☐      No

        b.      If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts

                alleged in the Master Complaint, please state the facts and legal basis

                applicable to the Plaintiff in support of those allegations below:

4

Prior to having the ParaGard IUD implanted, Plaintiff's healthcare providers told her ParaGard IUD was safe, effective, and needed to be removed in 10 years. She also saw a pamphlet which provided the same information. She did not realize that she might have a cause of action regarding the ParaGard IUD. She did not know there was an issue with the ParaGard IUD. She contacted her lawyers after learning she might a claim.

16. Count VII (Fraud & Deceit) and County VIII (Fraud by Omission) allegations:

a. Is Plaintiff bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

☒ Yes
☐ No

b. If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

i. The alleged statement(s) of material fact that Plaintiff alleges was false: Paragard, a reversible form of birth control, was safe and effective. Paragard was safe and/or safer than other reversible birth control products on the market.

ii. Who allegedly made the statement:  Defendants

iii. To whom the statement was allegedly made:  Plaintiff and her healthcare provider who implanted Paragard.

       iv.     The date(s) on which the statement was made: <u>Defendants' statements</u> <u>are within the Paragard label and marketing materials at all relevant</u> <u>times prior to implantation.</u>

17.    If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

      a.     What does Plaintiff allege is the manufacturing defect in her Paragard? <u>N/A</u>

18.    Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint: <u>N/A</u>

19.    Jury Demand:

☒     Jury Trial is demanded as to all counts

☐     Jury Trial is NOT demanded as to any count

 

<u>/s/ Laura V. Yaeger</u>
Attorney(s) for Plaintiff

 

Address, phone number, email address and Bar information:

<u>Yaeger Law, PLLC</u>
<u>4905 34th St S, Suite 310</u>
<u>St. Petersburg, FL 33711</u>
<u>727-202-5015</u>
<u>laura@yourlegalcounsel.net</u>
<u>FL Bar # 101972</u>
<u>TX Bar # 24011432</u>